**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**
March 12, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EFFIE M. SHAFFER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0610** (BOR Appeal No. 2048065)
           (Claim No. 980050864)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**MONONGALIA COUNTY HEALTH DEPARTMENT,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Effie M. Shaffer, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Gregory W. Evers, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 17, 2013, in which the Board affirmed a January 4, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 23, 2010, decision denying Ms. Shaffer's request for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Shaffer, an employee of Monongalia County Health Department, injured her back on April 6, 1998, while attempting to lift a patient from a chair. Ms. Shaffer filed an application for workers' compensation benefits and her claim was held compensable. On April 5, 2001, Ms. Shaffer applied for permanent total disability benefits. Ms. Shaffer submitted two pieces of evidence in support of her application. The first piece of evidence was a letter from Mitch Jaques, M.D., that opined Ms. Shaffer was completely and totally disabled. Dr. Jaques did not attach any report or explanation of his findings. The other piece of evidence was a letter from Russell Biundo, M.D., which stated that Ms. Shaffer retains no residual employability. Dr. Biundo's letter also did not contain examination findings or explain how his opinion was reached. Monongalia County Health Department submitted the report of Marsha Bailey, M.D., who examined Ms. Shaffer and determined that from a physical standpoint she could work. This opinion was shared by James Wiley, M.D., who also examined Ms. Shaffer. From a psychiatric standpoint, Ms. Shaffer was evaluated by Ryan Finkenbine, M.D., who determined that she could work. Ms. Shaffer also had functional capacity evaluations from Erin Saniga, M.E.D., C.R.C., L.P.C.; Steven J. Brennan, P.T.; Casey Vass, Q.R.P.; Christa Rudolph, M.P.T.; and Phil Coke, M.S., P.T. Ms. Sangia determined on July 6, 2012, that Ms. Shaffer could return to work at a sedentary level. This opinion is also shared by Mr. Vass who concluded the same on January 8, 2004, and Mr. Brennan on May 27, 2009. The functional capacity evaluation by Ms. Rudolph indicated that her results were invalid due to Ms. Shaffer's submaximal effort. Both of Mr. Coke's evaluations provided invalid results due to Ms. Shaffer's submaximal effort. The Permanent Total Disability Review Board concluded that Ms. Shaffer could return to work. Ms. Shaffer's case was not decided upon until December 23, 2010, when the claim's administrator denied her request for permanent total disability benefits. Ms. Shaffer protested this decision.

The Office of Judges determined that Ms. Shaffer was not entitled to permanent total disability benefits because she could return to substantial gainful activity within the requisite geographical area. The Office of Judges examined the case and determined there were only two pieces of evidence that supported Ms. Shaffer's position that she can no longer work in any capacity. The Office of Judges determined that the letters submitted by Dr. Jaques and Dr. Biundo were not persuasive because they were not accompanied by any reasoning or testing. The Office of Judges then turned to the other evidence of record. Dr. Bailey examined Ms. Shaffer and determined that from a physical standpoint she could work in a sedentary position. This opinion was also shared by Dr. Wiley. Dr. Finkenbine, from a psychiatric standpoint, determined that Ms. Shaffer could return to substantial gainful employment. The Office of Judges then reviewed Ms. Shaffer's multiple functional capacity evaluations. The Office of Judges noted that Ms. Shaffer believes she cannot work in any position or in any fashion. The Office of Judges also noted how three different functional capacity evaluations did not reveal valid results because Ms. Shaffer gave submaximal effort. Finally, the Office of Judges examined Mr. Brennan's and Mr. Vass's functional capacity evaluations. Both agreed that Ms. Shaffer, with her nursing degree, could find substantial gainful employment within her geographical area. The Permanent Total Disability Review Board also determined that Ms. Shaffer could return to substantial gainful employment. The Office of Judges determined that the findings of the Permanent Total Disability Review Board, Dr. Bailey, Dr. Wiley, Dr. Finkenbine, and the functional capacity evaluators established that Ms. Shaffer could engage in substantial gainful employment within

2

the requisite geographical area. The Board of Review adopted, in all material respects, the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and the conclusions of the Board of Review. Ms. Shaffer has the physical and mental abilities to engage in substantial gainful employment. The only two pieces of evidence that would indicate otherwise are not supported by reasoning or testing. The well-reasoned reports of several other physicians and functional capacity evaluators demonstrate that Ms. Shaffer can engage in substantial gainful employment. The Office of Judges and Board of Review, therefore, were correct in denying Ms. Shaffer's request for permanent total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 12, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II